THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11cv179

THOMAS J. BERITELLI, SHARON A. )
BERITELLI, ROBERT SCOTT, CONNIE )
SCOTT, STEVEN MOSES, BORIS BRAND, )
JEFFREY CHAUS, JO ANN CHAUS, )
PAUL R. BOYDELL, TIFFANY TRAN )
BOYDELL, SUSAN E. PAYNE, THOMAS R. )
PAYNE, JACK HERZBERG, KRISTINE )
HERZBERG, ALAN M. KESSLER, SANDA )
KESSLER, DONNA L. PANARELLO, )
FREDERIC B. CLARK, IV, EDITH HANSEN, )
JULIAN C. HUTCHINS, SR., ALANA W. )
HUTCHINS, TRENT A. MACKIE, RANDAL )
PRICE, MEKO PRICE, PAMELA M. )
RATCLIFFE, SRINIVASAN )
CHANDRAMOULI, JANAKI )
CHANDRAMOULI, RICHARD W. POWELL, )
KATHLEEN A. POWELL, ROBERT )
SCHUNN, JUDY SCHUNN, CHRIS )   **O R D E R**
TURNER, PAMELA TURNER, EDWARD )
VARON, ANNA GIABOURANI, JOSEPH )
STEEN, BRIDGET STEEN, WILLIAM )
WRIGHT, PETER WASILEWSKI, PEGGY )
WASILEWSKI, JASON WOOD, CASEY )
WOOD, DIANE CARROLL, DAVID FONG, )
CONSTANCE FONG, MICHAEL )
MELLENTHIN, ANNE MELLENTHIN, )
BARRON S. WALL, MICHAEL )
WHITEHOUSE, and SYLVIA WHITEHOUSE, )
)
                Plaintiffs, )
)
   vs. )
)
WELLS FARGO BANK, N.A., ELIZABETH )
MADDEN, ANDREA MURPHY, KERRY )

| LANGLEY, NANCY DECKER, and | ) |
| MARILYN McCOY WOODS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on parties' Responses to the Court's June 6, 2012 Order to Show Cause [Docs. 78, 79, 80, 81, 82].

## I.  PROCEDURAL BACKGROUND

This is an action brought by 50 purchasers of subdivision lots in a failed real estate development known as the River Rock subdivision in Jackson County, North Carolina ("River Rock"). [Amended Complaint, Doc. 39 at ¶ 1]. The Plaintiffs have brought suit against Wells Fargo Bank, N.A., the successor in interest to Wachovia Bank, N.A. ("Wells Fargo"), Elizabeth Madden, Andrea Murphy, Kerry Langley, Nancy Decker, and Marilyn McCoy Woods for violations of the Interstate Land Sales Act, 15 U.S.C. § 1703(a)(2) ("ILSA"), violations of the North Carolina Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.* ("Chapter 75"), negligent misrepresentation, negligence, and fraud, arising from the Defendants' alleged involvement in a scheme to artificially inflate the value of the lots in River Rock.  The Defendants have moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  [Docs. 44, 51, 54, 55].

2

On June 6, 2012, the Court entered an Order questioning whether the Plaintiffs are properly joined in this action pursuant to Rule 20 of the Federal Rules of Civil Procedure and ordering the parties to show cause why the Plaintiffs should not be severed in this case and why each should not be required to pay the requisite filing fee. [Doc. 77]. The parties responded to the Court's Show Cause Order on June 20, 2012. [Docs. 78, 79, 80, 81, 82].

## II. DISCUSSION

Rule 20 of the Federal Rules of Civil Procedure provides that persons may be joined as plaintiffs in one action if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same, transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). The "transaction or occurrence" test set forth in Rule 20 "is designed to permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding." Advamtel, LLC v. AT&T Corp., 105 F.Supp.2d 507, 514 (E.D. Va. 2000). "Absolute identity of all events is not necessary, and the rule should be construed in light of its

3

purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Id.

Joinder is not a substantive right; it is a procedural mechanism that allows parties with similar substantive claims to enforce them jointly. See Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983). Courts have "wide discretion concerning the permissive joinder of parties" under Rule 20. Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007). As the Fourth Circuit has recognized, whether claims are properly joined under Rule 20 is a determination that must be made on a case-by-case basis. Saval, 710 F.2d at 1031. The Court may act upon motion by a party or *sua sponte* to remedy improperly joined parties. Fed. R. Civ. P. 21. Where plaintiffs are improperly joined, the proper remedy is not to dismiss the misjoined parties but rather to sever all misjoined claims. See Grennell v. Western Southern Life Ins. Co., 298 F.Supp.2d 390, 399 (S.D. W. Va. 2004).

In the present case, the Plaintiffs contend that they are properly joined in this action because their claims all arise from the same series of transactions or occurrences, namely, the purchase of lots in River Rock. Beyond the mere fact that the Plaintiffs are all purchasers in the same subdivision, however, there is little commonality between the Plaintiffs' claims.

4

Each of the claims arise out of the purchase of a separate lot (or lots) that were purchased at different times and relate to financing that occurred under circumstances entirely different from every other lot purchase.

Further, to the extent that the Plaintiffs assert claims based on misrepresentations and fraud, such claims are entirely dependent on facts specific to each Plaintiff, such as the particular misrepresentation made and the reasonableness of any reliance by the particular Plaintiff on such misrepresentation. Given the variation in the Plaintiffs' claims, and the uniquely personal nature of the deception claims in particular, each Plaintiff will require a "mini-trial," each involving different evidence and testimony. Such a trial would be an "enormous burden" on the Court and would substantially hinder the fair administration of justice. CineTel Films, Inc. v. Does 1-1,052, __ F.Supp.2d __, Civil No. JFM 8:11-cv-02438, 2012 WL 1142272, at *8 (D. Md. Apr. 4, 2012).

The Court further notes that the filing of these claims as a single lawsuit when they are in fact separate lawsuits causes inaccuracies in the filing statistics of this District. Such inaccuracies are not insignificant. As another Court in this District has noted, "[s]uch statistical data is extremely important as it determines the resources that are necessarily allotted to this district.

5

Thus, the misfiling of these cases could result in less resource[s] being allocated to the district than it is entitled to which, of course, could have negative consequences." Slep-Tone Entertainment Corp. v. Mainville, No. 3:11-cv-00122, 2011 WL 4713230, at *5 n.3 (W.D.N.C. Oct. 6, 2011) (Mullen, J.). Moreover, the filing of the Plaintiffs' claims as a single action, with the payment of a one-time $350 filing fee, does little to compensate the Court "for this significant drain on judicial resources." CineTel, 2012 WL 1142272, at *8 n.4.

The Complaint further fails to plead with any type of specificity the nature of the misrepresentations allegedly made to each Plaintiff by the Defendants. While the Complaint identifies the general nature of the misrepresentations made to the Plaintiffs, such allegations are not sufficient under Rule 9(b) to state fraud claims on behalf of every Plaintiff named.

In arguing in favor of joinder, the Plaintiffs note that the Court previously consolidated a similar group of individually-filed cases in Synovus Bank v. Karp, 1:10cv172. The *eight* individual cases in Karp, however, have been consolidated only for the purposes of pretrial proceedings, and the issue of whether those cases should be consolidated for trial purposes remains to be resolved. The claims asserted by the Plaintiffs in the present case may have

6

enough commonality to justify a limited consolidated for some purposes of pretrial proceedings, as in Karp.  For the reasons discussed above, however, what limited commonality these claims have does not justify the continued joinder of such a disparate group of *50* Plaintiffs in this one civil action.

In sum, the Court concludes that there is no legitimate basis for joining all of the Plaintiffs together in a single lawsuit.  The Plaintiffs' claims lack the requisite commonality to justify joinder pursuant to Rule 20(a).  Accordingly, the Court concludes that all of the claims asserted by the Plaintiffs in this matter, aside from the claims asserted by the Plaintiffs Thomas J. Beritelli and Sharon A. Beritelli[1], shall be severed from this action and refiled, upon payment of the requisite filing fees, as new, separate actions.  Such claims shall be filed based upon the particular lot purchased and shall include only those Plaintiffs and Defendants associated with that particular lot purchase.  Any Complaints that are filed further must include factual allegations of sufficient particularity to conform to the standards of Rule 9(b) of the Federal Rules of Civil Procedure and otherwise should provide an adequate description of the basis for the specific claims asserted against the named Defendants.

---

[1] The Complaint alleges that Thomas J. Beritelli and Sharon A. Beritelli purchased Lot 94 in River Rock together.  [Doc. 39 at ¶ 135].

**IT IS, THEREFORE, ORDERED** that all claims asserted by the Plaintiffs, with the exception of the claims asserted by Plaintiffs Thomas J. Beritelli and Sharon A. Beritelli, are hereby **SEVERED** from this action.

**IT IS FURTHER ORDERED** that within thirty (30) days of the entry of this Order and upon payment of the requisite filing fees, the severed Plaintiffs may refile their claims as separate lawsuits against the Defendants or seek dismissal of their claims.

**IT IS FURTHER ORDERED** that the Defendants shall have thirty (30) days from service of the newly filed Complaints to answer or otherwise respond.

**IT IS FURTHER ORDERED** that the Plaintiffs Thomas J. Beritelli and Sharon A. Beritelli shall file an Amended Complaint within thirty (30) days of the entry of this Order.

**IT IS FURTHER ORDERED** that the Defendants shall have thirty (30) days from service of the Beritellis' Amended Complaint to answer or otherwise respond.

**IT IS FURTHER ORDERED** that Defendant Nancy Decker's Motion to Dismiss the Amended Complaint [Doc. 44]; Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiffs' Amended Complaint [Doc. 51]; Defendants

Kerry Langley's and Andrea Murphy's Motion to Dismiss Plaintiffs' Amended Complaint [Doc. 54]; and Defendant Elizabeth Madden's Motion to Dismiss Plaintiffs' Amended Complaint [Doc. 55] are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Signed: June 22, 2012

Martin Reidinger
United States District Judge

9