# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:11cv179

THOMAS J. BERITELLI, et al.,    )
          )
      Plaintiffs,    )
          )
      vs.    )    **O R D E R**
          )
WELLS FARGO BANK, NA, et al.,    )
          )
      Defendants.    )
_____)

**THIS MATTER** is before the Court on the Defendant Kerry Langley's Suggestion of Bankruptcy [Doc. 97].

The Defendant Kerry Langley has filed a notice with the Court that he filed a bankruptcy case under Chapter 13 of the United States Bankruptcy Code on April 8, 2010, and that such case was converted to a Chapter 7 proceeding on December 6, 2011.  [Doc. 74].

The filing of a bankruptcy petition operates as a stay of "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of" the bankruptcy case "or to recover a claim against the debtor that arose before the commencement of" the bankruptcy case.  11 U.S.C. § 362(a)(1).  Here, the Plaintiff seeks damages for claims allegedly

arising from the conduct of the Defendant which occurred from 2005 to 2009 [see Amended Complaint, Doc. 85 at ¶ 4], prior to the commencement of the bankruptcy petition. Accordingly, the automatic stay provisions of § 362 are applicable to the Plaintiff's claims against Defendant Langley.

The Court will consider this action stayed as against Defendant Langley only. All other claims pending in this action remain unaffected by this stay.

Accordingly, **IT IS, THEREFORE, ORDERED** that this action is hereby **STAYED** as against the Defendant Kerry Langley only.

**IT IS FURTHER ORDERED** that the parties shall promptly notify the Court when the automatic stay is no longer in effect.

**IT IS SO ORDERED**.

Signed: October 15, 2012

Martin Reidinger
United States District Judge